## Commonwealth v. Majchrowski

*Edward H. Carney*, for Commonwealth.
*Gerald A. McNelis, Sr.*, for defendants.

LAUB, J., February 9, 1962.—Marion and William Majchrowski operate a partnership under the registered fictitious name "Smiley Fish Company". The company owns a fishing business on the shores of Lake Erie and has, among its assets, the usual nets, buoys and devices needed for commercial fishing. One of its

assets consists in a fish tug known as "Peggy Anne".

On August 14, 1959, Marion Majchrowski was found guilty in this court of violating sections 90 and 100 of The Fish Law of December 15, 1959, P. L. 1781, 30 PS §90, and was sentenced accordingly. On October 19, 1959, the Commonwealth petitioned for the forfeiture of the Peggy Anne and a rule to show cause was granted. . . .

Section 90 (g) of The Fish Law of 1959 provides, in part, as follows:

"Any person operating or employing others to operate any boat, net or device without being licensed as hereinbefore provided shall, on conviction as provided in chapter 14 of this act, be subject to a penalty of fifty dollars ($50.00). All fish caught with such unlicensed devices shall be forfeited to the Commission. All unlicensed devices used in violation of the provisions of this act shall be forfeited to the Commission".

Thus, it is clear that if the Peggy Anne was unlicensed at the time she was used to violate the law, and if a boat is a device within the meaning of the act, then the Peggy Anne must be forfeited to the commission. The matter is not discretionary, for the act is couched in language which is unambiguous and mandatory.

At the hearing, defendant attempted to prove that the Peggy Anne had been leased to others who disposed of the fish caught by selling them to the partnership and that the Peggy Anne had not been out of the harbor for fishing purposes on the day and time she was observed in the act of laying gill nets illegally. He failed utterly to convince us that either situation prevailed and we are persuaded that the Peggy Anne was used to violate the law by the partnership, either individually or through its employes. Therefore, since the act does not restrict the forfeiture provision to violations committed by the owner of the device, the defense fell.

Counsel for defendant, who has since withdrawn from the case, argued before us that a boat is not a device within the meaning of the act. He referred to the first sentence of the above-quoted passage of the statute which lists "boat, net or device" as though each constitutes a class by itself. From this, he argued that a boat is not a device, for if the legislature had intended to forfeit every article which falls within the definition of a device, it would have said: "Any person operating or employing others to operate any device, etc." without employing the words "boat, net or device."

The argument is plausible only when the quoted paragraph is taken without reference to the rest of section 90. At the very outset of that section it is stated that the commission is authorized to issue licenses for the respective devices or persons therein listed. This is followed by a listing which includes several types of boats and nets and a device known as an "out-line". From this it is quite clear that the legislature considered a boat to be a device. What is more, if the penalty provisions respecting boats, nets and devices are to be construed as eliminating boats from the classification of a device, then they must be construed so as to eliminate nets as well. Such construction would limit the operation and effect of the entire section to a single item, an out-line. Obviously such a construction would result in an absurdity which even the strictest construction of a forfeiture provision would not justify. We conclude, therefore, that the Peggy Anne was a device within the meaning and intendment of the forfeiture provision of the act. . . .

## Order

And now, February 9, 1962, the rule entered October 19, 1959, to show cause why the Peggy Anne should not be confiscated and forfeited to the Commonwealth for the use of the Pennsylvania Fish Commission, is made absolute.